**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
**UNITED STATES OF AMERICA,**    )
                                )
          v.                    )   **Criminal Action No. 06-78 (RWR)**
                                )
**ALPHONSO WALKER,**             )
                                )
          **Defendant.**          )
_____ )

## MEMORANDUM OPINION AND ORDER

Defendant Alphonso Walker pled guilty under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and unlawfully using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).  Walker moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of amendments to the United States Sentencing Guidelines that lowered the base offense levels for offenses involving crack cocaine.  See U.S. Sentencing Guidelines Manual supp. app. C, amend. 706 (2010) (effective Nov. 1, 2007); id. § 1B1.10 (listing 706 among those amendments with retroactive effect).  Because the plea agreement does not indicate the parties' intent to base the agreed-upon sentence on a particular Guidelines range subsequently lowered by the Sentencing Commission, sentence reduction is precluded here and Walker's motion will be denied.

BACKGROUND

Walker's plea agreement under Rule 11(c)(1)(C) proposed a stipulated term of 78 months incarceration. The agreement refers to the Guidelines in stating Walker's "understand[ing] that if the Court rejects the parties' recommendation for an appropriate sentence . . . and [Walker] does not withdraw his plea, [Walker] will be sentenced according to Title 18, United States Code, Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine [Walker's] guideline range." (Plea agreement ¶ 1.)

I expressly considered the Guidelines range, among other factors, in determining whether to accept the parties' proposed sentence. Sentencing Tr. 8:2-14, Sep. 5, 2006. I accepted the plea agreement and sentenced Walker to a term of 60 months for unlawfully using, carrying, and possessing a firearm during a drug trafficking offense, which represents the statutory minimum for that offense, 18 U.S.C. § 924(c)(1)(A)(i), and 18 months to run consecutively for possessing with intent to distribute crack cocaine.

A defendant is eligible for sentence reduction where he is "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Walker argues that he is eligible because

his sentence was at least partially based on a subsequently lowered sentencing range. The government argues the lowered range does not apply to Walker because he was sentenced to a stipulated term as provided in the plea agreement, not to a term based on the Guidelines.

DISCUSSION

The Supreme Court recently considered whether a defendant who entered and was sentenced under a Rule 11(c)(1)(C) plea may be eligible for sentence reduction under § 3582(c)(2) based on a retroactive guideline amendment. See Freeman v. United States, 131 S. Ct. 2685 (2011). Justice Kennedy, in announcing the judgment of the Court in a plurality opinion, said that the Sentencing Guidelines "provide a framework or starting point – a basis, in the commonsense meaning of the term – for the judge's exercise of discretion" in accepting or rejecting a plea agreement. Id. at 2692. The plurality concluded that a sentence under a Rule 11(c)(1)(C) plea can be "based on" the Sentencing Guidelines, and thus subject to potential reduction under § 3582(c)(2), when the district judge's decision to accept the plea and impose the sentence is informed, as it often is, by those guidelines. See id. at 2695.

Justice Sotomayor concurred with the plurality that relief under § 3582(c)(2) may be available to defendants sentenced under Rule 11(c)(1)(C), but only for that particular subset of

defendants who entered and were sentenced under a plea agreement that indicates the parties' intent to base the agreed-upon sentence on a particular Guidelines range subsequently lowered by the Sentencing Commission. See id. at 2698 & n.5. The concurring Justice would therefore require more than mere demonstration of the district judge's own consideration of the Sentencing Guidelines in the course of imposing a sentence. See id. at 2696. Her higher threshold, then, is the controlling standard that Walker must meet in order to be eligible for a § 3582(c)(2) sentence reduction.

Walker's Rule 11(c)(1)(C) plea agreement does not indicate an intent to base the agreed-upon term of imprisonment on a particular Sentencing Guidelines range. The plea agreement states that "[Walker] and the Government agree that a sentence of seventy-eight months is the appropriate sentence for the offenses to which [Walker] is pleading guilty." (Plea agreement ¶ 2.) However, it does not explain how that term was determined or indicate any reliance on the Guidelines for the determination. See Freeman, 131 S. Ct. at 2698 n.5 ("If a (C) agreement does not indicate the parties' intent to base the term of imprisonment on a particular Guidelines range subsequently lowered by the Commission, then § 3582(c)(2) simply does not apply.") (Sotomayor, J., concurring). Nor does the acknowledgment in the plea agreement that the Guidelines will be considered in fashioning a

sentence if the recommended sentence is rejected suffice to make
Walker eligible for relief under § 3582(c)(2).  See <u>Freeman</u>, 131
S. Ct. at 2697 (remarking that "the mere fact that the parties to
a (C) agreement may have considered the Guidelines in the course
of their negotiations does not empower the court under
§ 3582(c)(2) to reduce the term of imprisonment they ultimately
agreed upon") (Sotomayor, J., concurring).  Finally, under Justice
Sotomayor's controlling concurrence, the fact that I considered
the Guidelines range in deciding whether to accept the plea
agreement carries no weight in the analysis.  See <u>Freeman</u>, 131 S.
Ct. at 2696-97 (declining to conclude that district judge is
empowered "to revisit a prior sentence to whatever extent the
sentencing range in question was a relevant part of the analytic
framework the judge used to determine the sentence or to approve
the agreement") (Sotomayor, J., concurring) (internal quotations
omitted).  Walker is therefore ineligible for relief.

<u>CONCLUSION AND ORDER</u>

Because the <u>Freeman</u> decision resulted in a divided majority,
the guiding principles to be applied to motions under 18 U.S.C.
§ 3582(c)(2) regarding Rule 11(c)(1)(C) pleas may be subject to
further elucidation.  At present, and in the absence of additional
guidance from the D.C. Circuit, the text of the plea agreement is
the focus of the analysis.  Walker's plea agreement does not
demonstrate the parties' intent to base the term of imprisonment

on a subsequently lowered Sentencing Guidelines range.  Therefore, it is hereby

ORDERED that Walker's motion to reduce sentence be, and hereby is, DENIED.

SIGNED this 14th day of October, 2011.

```
           _____/s/_____
           RICHARD W. ROBERTS
           United States District Judge
```